UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 01-1786 DSD/JMM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Petitioner, | ) | |
| v. | ) | FINDINGS AND ORDER OF CONDITIONAL DISCHARGE |
| JOHN DAVIS, Respondent. | ) | |

Based upon the Certificate of Conditional Release from Warden Reese of the Federal Medical Center ("FMC") in Rochester, Minnesota, and supporting documentation attached thereto, and the parties' mutual assent to the entry of this order and waiver of hearing, and pursuant to 18 U.S.C. § 4246(e), the Court, by a preponderance of the evidence, finds:

1. That the Respondent has recovered from his mental disease or defect to such an extent that his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another; and
2. That the regimen of treatment proposed by FMC staff, as set forth in the Motion to Conditionally Release Respondent is appropriate.

THEREFORE, IT IS HEREBY ORDERED that the Respondent, John Davis, be conditionally discharged from hospitalization. The

FILED 5-16-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

following conditions of release are imposed by the Court:

1. Respondent enter outpatient mental health treatment with the treating clinicians and establish residence at a semi-structured facility such as the Cornerstone Treatment Center in Anderson, California, upon immediate notification that a bed is available;
2. For the foreseeable future, Respondent complies with whatever treatment regimen the treating clinicians at the Cornerstone Treatment Center recommend, in coordination with the Veteran's Affairs Clinic (VA Clinic) in Redding, California, whether it be on an inpatient or outpatient basis;
3. Respondent continues to take medication as ordered or as may be adjusted by the treating clinicians at the Cornerstone Treatment Center or at the VA Clinic;
4. Respondent be supervised by the United States Probation Office for a specified period imposed by the Court to ensure his compliance;
5. Prior to a final discharge from all mental health treatment, the treatment facility notify the Court so Respondent's conditions of release may be reviewed;
6. The Respondent shall not leave the judicial district without permission of the Court or probation officer;
7. Respondent shall report to the probation officer and

shall submit a truthful and complete written report within the first five days of each month;

8. Respondent shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

9. Respondent shall support his or her dependents and meet other family responsibilities;

10. Respondent shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

11. Respondent shall notify the probation officer ten days prior to any change in residence or employment;

12. Respondent shall refrain from the use of alcohol, and shall not frequent places where alcohol is the chief item of sale;

13. Respondent shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

14. Respondent shall not associate with any person engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

15. Respondent shall permit a probation officer to visit him at any time, at home or elsewhere, and shall permit

confiscation of any contraband observed in plain view by the probation officer;

16. Respondent shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

17. Respondent shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

18. As directed by the probation officer, Respondent shall notify third parties of risks that may be occasioned by his criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Respondent's compliance with such notification requirement;

19. The Respondent shall submit to the search of his person, property, home, and vehicle, by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant. Failure to submit to a search may be grounds for searches pursuant to this condition; and

20. The Respondent shall not have in his possession or under his control any firearm or dangerous weapon.

IT IS FURTHER ORDERED that, pursuant to § 4246(f), the Director of Cornerstone Treatment Center, Anderson, California, acting up on the professional judgment of his/her medical and mental health staff, shall be responsible for administering the regimen of treatment and shall notify the U.S. Attorney's Office, District of Minnesota, the FMC in Rochester, Minnesota, and the U.S. District Court in the District of Minnesota of any failure of the Respondent to comply with the prescribed regimen of treatment. Pursuant to 18 U.S.C. § 4247(e), the Director of the FMC shall prepare annual reports concerning the need for Respondent's continued conditional discharge. The reports shall be submitted to the Court and copies of the reports shall be provided to counsel for the government and counsel for the Respondent.

Dated: 5/15/02

DAVID S. DOTY, Judge
United States District Court