IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| United States, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 01-1786 (DSD/SRN) |
| | ) | |
| John Leonard Davis, | ) | |
| | ) | |
| Respondent. | ) | |

DECLARATION OF PAM YOUNG

1. I, Pam Young, do hereby declare that I am a Clinical Social Worker in the Mental Health Unit at the United States Department of Justice, Federal Bureau of Prisons facility known as the Federal Medical Center (FMC), Rochester, Minnesota. I have been employed in this capacity at FMC Rochester since June of 1992.

2. As a Clinical Social Worker, I am responsible for formulating psychosocial assessments, scheduling risk assessments for committed inmates, presenting history and discharge planning to the Risk Assessment Panel, and for seeking aftercare for sentenced and committed inmates nearing release. I also function as a member of the multi-disciplinary treatment team.

3. I am familiar with John Leonard Davis, Federal Register Number 53657-198, as he is an inmate assigned to my case load. Mr. Davis is committed to the custody of the Attorney General pursuant to Title 18, United States Code, Section 4246. As such, I am responsible for attempting to obtain placement opportunities for him and presenting viable placement options to the Risk Assessment Panel (hereinafter "Panel").

4. With regard to Mr. Davis, I located two potential placement opportunities and presented them to the Panel. The first potential placement option is at a facility called Peachtree Manor in

EXHIBIT
tabbies
6.

Redding, California. Peachtree Manor is a group home which has no residency limitations. I have spoken with the director of that facility who indicated they are not interested in accepting Mr. Davis unless he is under the care of a conservator. While the Panel believes this is an excellent placement opportunity, they also believe Mr. Davis is functioning well enough that he does not require assistance in managing his own funds.

5. I have also spoken with staff at a facility known as the Empire Recovery Center in Redding, California. The Empire Recovery Center is willing to accept Mr. Davis into their "30/60/90 day" program which includes outpatient follow-up care for up to six months. The Empire Recovery Center is a treatment facility where Mr. Davis would reside for up to 90 days. Thereafter, he would commence participation in their outpatient program.

6. Mr. Davis would also receive mental health and medical care from the Veteran's Administration Clinic in Redding, California. In the event Mr. Davis required inpatient mental health treatment, he could be admitted to the Northern California Health Care System in Sacramento, California. This facility serves all the Veteran's Administration clients in that region. Such placement would make Mr. Davis eligible for a conservator, which could result in his eligibility for admission at Peachtree Manor Group Home.

7. I have discussed the placement options with the Panel. While the Panel believes that placement at Peachtree Manor would be the best option for Mr. Davis as there is no residency limitations, the Panel does not believe that he meets the criteria for a conservator. The Panel reviewed the placement option at the Empire Recovery Center and believes that this is also a suitable placement plan for Mr. Davis, and recommends his placement at that facility.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 17th day of February, 2005.

Pamela J. Young, LICSW
Pam Young
Clinical Social Worker
Federal Medical Center
Rochester, Minnesota