**FEDERAL PUBLIC DEFENDER**
Suite 107, U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: (612) 664-5858
Fax: (612) 664-5850

DANIEL M. SCOTT
Federal Public Defender

TIM W. TREBIL
MIKE KAULFUSS
Investigators

JULIE M. PETTIT
Paralegal

SCOTT F. TILSEN
First Assistant Defender

Assistant Federal Defenders
ANDREW H. MOHRING
ANDREA K. GEORGE
VIRGINIA G. VILLA
KATHERINE MENENDEZ
MANNY K. ATWAL
LYONEL NORRIS

RECEIVED
FEB 14 2005
U.S. DISTRICT COURT
S.R.N.

February 11, 2005

Honorable Susan Richard Nelson
United States Magistrate Judge
242 U.S. Courthouse
316 North Robert Street
St. Paul, MN 55101

Case: United States v. John Davis CV 01-1786 DSD/SRN

Dear Magistrate Nelson:

I represent John Davis in the pending petition for revocation of conditional release pursuant to 18 U.S.C. § 4246. As the Court is aware, Mr. Davis is vigorously contesting his continued commitment. I won't use the Court's time unnecessarily by restating both the record and the argument from the hearing held on this matter, other than to remind the Court that it is Mr. Davis' position that his release poses no danger to the person or property of another, as required by the statute.

I asked permission to provide to the Court any additional legal guidance I could locate addressing the appropriate standards to be applied in the pending revocation matter. Unfortunately, I have found almost no jurisprudence other than the Woods decision, 970 F. Supp. 711 (D. Ct. Minn. 1997), relied upon by the government which directly or even indirectly addresses the Court's duties in this case.

Having reviewed the statute and the Woods case, I do not have a basis to dispute the claim of the United States that its burden of proof at the time of a revocation hearing pursuant to § 4246(f) is to prove by a preponderance of the evidence that the committed person remains dangerous, rather than clear and convincing evidence. It is my position that the government has simply failed to satisfy even that lower burden.

However, I disagree that the Court's power is limited to that conferred by §4246(f). Instead, 18 U.S.C. §4247(h) and §4246(e), and even the Woods case make clear that the Court can, at the request of the parties or perhaps even on its own motion, reopen the question of the propriety of continued commitment. The relevance of the availability of hearings under these alternate provisions is that I disagree with the government's implied argument at the hearing that the Court's sole choice at this point is to decide whether Mr. Davis' conditional release must be revoked. When I first wrote to Judge Doty requesting a hearing, I specifically cited § 4246(e) and stated that I believed that Mr. Davis is no longer a danger and his commitment should be terminated entirely. Although the government has implied that the hearing on January 28, 2005, was pursuant to §4246(f) alone and therefore the Court's power is limited to considering the revication, I respectfully suggest that it is incorrect in this narrow assertion. Instead, I believe this Court could Order that Mr. Davis be released unconditionally from confinement and

SCANNED
FEB 28 2005
U.S. DISTRICT COURT ST. PAUL

---

discharged from the § 4246 Order, and could properly do so on the record before it, whether doing so pursuant to § 4246(f) or § 4246 (e).

In sum, although I believe that it is correct that the Court must find that the government has proven Mr. Davis' continuing dangerousness by a preponderance of the evidence, I believe that the government has not done so. Instead, Mr. Davis' conduct during the last three years fully supports a conclusion that, to the contrary, Mr. Davis is not dangerous.

Should the Court require additional briefing, proposed factual findings or supplemental argument on this matter, I will gladly provide it. Thank you for your consideration of this letter.

Sincerely,

Katherine M. Menendez
Assistant Federal Defender

cc: AUSA Perry Sekus