UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 01-1786 DSD

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>JOHN DAVIS,<br><br>Respondent. | OBJECTIONS TO REPORT AND RECOMMENDATION |

John Davis, through his undersigned counsel, submits the enclosed objections to the Report and Recommendation prepared by Magistrate Judge Nelson in the above-captioned case. M r. Davis recognizes the tremendous work reflected in the detailed factual findings of the Report and Recommendation. Mr. Davis, in general, does not object to any of the facts set forth in that report. However, Mr. Davis respectfully disagrees with several of its conclusions.

First, Mr. Davis disagrees that he has failed to establish, by a preponderance of the evidence, that he is no longer a danger as a result of his mental illness. At page 18, the Report and Recommendation states that Mr. Davis "presents little evidence" in support of his position. However, it goes without saying that Mr. Davis' presentation is not and cannot be limited only to witnesses he calls to the hearing. Instead, the Court must look to the entire record to decide whether a preponderance of evidence establishes that Mr. Davis is no longer dangerous. When such a holistic examination is conducted, it is clear his continued commitment must end.

In this case, Mr. Davis established through cross-examination of the government witness that he has not committed a single violent or threatening act during the almost three years that passed since his original commitment. He had no violence or dangerousness whatsoever despite

his presence in every imaginable living situation, ranging from full incarceration at FMC Rochester to living as a free homeless man with no supervision, during those three years. The Report and Recommendation correctly describes that past violence can be a predictor of future violence, and indeed we have to turn to such speculation when considering whether to commit someone at the end of a sentence after they have been in custody for a long time, because we have no recent evidence of how that person might adjust upon release. But in this case, such speculation is not needed because we can look at actual recent empirical evidence of how Mr. Davis will act if released without conditions. Mr. Davis has been utterly unsupervised for months on end during the three years that have passed since his initial commitment and has done nothing dangerous whatsoever. It is Mr. Davis' position that this fact alone, aside from any reference to the issues debated and the expert testimony presented in the first commitment proceeding, supports his burden of proof.

In addition, Mr. Davis disagrees with the Report and Recommendation's recommended conditions in three respects. First, it is Mr. Davis' position that he should be released to the placement being arranged by FMC Rochester with no conditions, and that upon his arrival there his commitment be terminated. However, even should the Court agree that some conditions are needed, Mr. Davis disagrees that he should be supervised by probation for one year. Given that Mr. Davis has violated the terms of his release (in completely non-criminal, non-violent ways) in much less time than a year on both prior releases, it is Mr. Davis' position that this condition is setting him up to fail. Mr. Davis suggests either that the commitment remain in effect for one year with no supervision, such that he can only be "revoked" if he commits a new crime, or the period of supervision should be only what is necessary to get him set up in the outside world, say

three months. Third, Mr. Davis prays that the Court include a condition that, should he violate the conditions of his release, the parties be notified and be given an opportunity to be heard prior to Mr. Davis being returned, in custody, to FMC Rochester. The delay caused by transporting him to Minnesota and gearing up a full violation is excessive, and could be avoided by such a condition.

In sum, Mr. Davis long ago completed his sentence. He is not before the Court for punishment, or even to keep him on the "straight and narrow." The Court should only continue his commitment if it believes he is still a danger, and he respectfully submits that the evidence establishes that he is not. Therefore he respectfully seeks immediate release and a closure of the federal government's indefinite involvement in his life.

Dated: March 18, 2005

Respectfully submitted,

*s/ Katherine M. Menendez*

KATHERINE M. MENENDEZ
Attorney ID No. 278014
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415